

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

_____
**United States Bankruptcy Judge**

**Signed July 2, 2026**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **In re:** | |
| **ENDOCRINE ASSOCIATES OF DALLAS, P.A.,** | **Case No. 25-34774-mvl**<br>**Chapter 11** |
| **Debtor.** | |

### ORDER CONFIRMING ENDOCRINE ASSOCIATES OF DALLAS, P.A.'S SUBCHAPTER V PLAN OF REORGANIZATION

Commencing on June 30, 2026, the Bankruptcy Court held a hearing (the "Confirmation Hearing") to consider confirmation of the *Subchapter V Plan of Reorganization* (the "Plan")[1] filed by Endocrine Associates of Dallas, P.A. (the "Debtor" or "EAD").

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Plan.

The Debtor filed its original *Subchapter V Plan of Reorganization* on March 1, 2026 [Dkt. 56].

In support of confirmation of the Plan, the Debtor filed the *Declaration of Jaime Wiebel in Support of Confirmation of Endocrine Associates of Dallas, P.A.'s Subchapter V Plan of Reorganization* [Dkt. No. 66].

Based upon the Bankruptcy Court's consideration of, among other things, (i) the Plan, (ii) exhibits admitted into evidence and testimony adduced at the Confirmation Hearing, including the declaration of Wiebel, a partner of Endocrine Associates of Dallas, P.A., and the voting results respecting the Plan, (iii) representations and arguments of counsel at the Confirmation Hearing, (iv) the docket of the Bankruptcy Case, and (v) other relevant factors affecting this Bankruptcy Case, the Bankruptcy Court makes the following findings of fact and conclusions of law, and issues these findings of fact, conclusions of law, and order confirming the Plan (this "Confirmation Order"):

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Jurisdiction and Venue

A.      Jurisdiction; Venue; Core Proceeding.  The Bankruptcy Court has jurisdiction over this Bankruptcy Case pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in the Bankruptcy Court is proper under 28 U.S.C. §§ 1408 and 1409.  The Debtor is and was qualified to be a debtor under Bankruptcy Code § 109. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2), and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

**Notice, Solicitation and Acceptance**

B.        Service of Solicitation Materials and Notices.  All appropriate pleadings, notices, and ballots were transmitted, mailed, and served to the extent required by the *Order Setting Hearing for Confirmation of Debtor's Subchapter V Plan of Reorganization* [Dkt.59] and Bankruptcy Rule 3017(d). The Debtor timely and properly served: the holders of Claims or Interests in all Classes the following: (a) the Plan; (d) the Notice of Confirmation Hearing; (e) as applicable, either a Ballot or a Notice of Non-Voting Status setting forth (i) the subject Creditor's or Interest holder's classification, (ii) the deadline to object to confirmation of the Plan, and (iii) the date of the Confirmation Hearing as originally set, and (f) a cover letter notifying creditors of the voting deadline, the objection deadline, and the Confirmation Hearing; and (g) a self-addressed return envelope, if applicable.

C.        Adequate Notice of Confirmation Hearing.  In accordance with Bankruptcy Rules 2002, 3018, 3019, 6004, 6006, 9007 and 9014, N.D. TEX. L.B.R. 2002-1, 3018-1, and 9014-1, adequate notice of the time for filing objections to confirmation of the Plan and the authorizations and transfers contemplated thereby and adequate notice of the Confirmation Hearing was provided to all holders of Claims and Interests and other parties in interest entitled to receive such notice under the Bankruptcy Code and the Bankruptcy Rules.  No other or further notice of the Confirmation Hearing or confirmation of the Plan is necessary or required.

D.        Good Faith Solicitation (11 U.S.C. § 1125(e)).  Based on the record, the Debtor and each of its directors, officers, employees, managers, members, partners, agents, and professionals and its attorneys have acted in "good faith" within the meaning of Bankruptcy Code § 1125(e) and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law in connection with all of their activities relating to (1) the

solicitation of acceptances or rejections of the Plan and (2) their participation in the other applicable activities described in Bankruptcy Code § 1125. Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code § 1125, 1126, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws and regulations. In addition, all procedures used to distribute the Solicitation Package to holders of Claims and Interests were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all other applicable rules, laws, and regulations. Therefore, the Debtor and each of its directors, officers, employees, managers, members, partners, agents, professionals, and attorneys are entitled to the full protections afforded by Bankruptcy Code § 1125(e).

**The Plan Satisfies §§ 1129, 1191, and Subchapter V of the Bankruptcy Code**

E.      <u>The Debtor has satisfied its burden of proof.</u>  A plan proponent has the burden to prove the requirements for confirmation by a preponderance of the evidence.  Here, the Debtor has satisfied its burden of proof with respect to confirmation of the Plan.

F.      As set forth in detail below, the Plan fully complies with the applicable provisions of §§ 1129, 1191, and Subchapter V of the Bankruptcy Code based upon (i) the Plan; (ii) the events that have occurred throughout the Debtor's chapter 11 case; (iii) various orders entered by the Court during this Case and (iv) the requirements of the Bankruptcy Code, including §§ 1129 and 1191.

G.      <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).</u>  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(1).  Congress enacted Bankruptcy Code § 1129(a)(1) to ensure that a plan complies with the Bankruptcy Code's provisions regarding classification of claims and interests (11 U.S.C.

§ 1122) and the contents of a plan of reorganization (11 U.S.C. § 1123). These provisions are discussed in the following paragraphs.

H. <u>Plan Compliance with Bankruptcy Code § 1122</u>. The Plan complies with the classification requirements of the Bankruptcy Code. Classification of claims and interests is governed by Bankruptcy Code § 1122, which provides that "a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class."[2] This section does not require that claims or interests within a particular class be identical, and a plan proponent has flexibility in classifying claims so long as the proponent has some reasonable basis for the classification or the creditor agrees to it.

I. Under the Plan, the Claims or Interests within each Class are substantially similar to the other Claims or Interests within that Class. The Plan classifies Claims and Interests as follows:

| Class | Claim / Interest | Treatment |
|---|---|---|
| Class 1 | Allowed Secured of Priority Tax Claims | Unimpaired |
| Class 2 | Allowed Other Priority Claims | Unimpaired |
| Class 3 | Allowed Secured Claim of Highland Capital | Impaired |
| Class 4 | Allowed Secured Claim First Citizens Bank & Trust Company | Unimpaired |
| Class 5 | Allowed Secured Claim of Regions Bank d/b/a Ascentium Capital | Impaired |
| Class 6 | Allowed General Unsecured Claims Under $1,750 | Impaired |
| Class 7 | Allowed General Unsecured Claims Over $1,750 | Impaired |
| Class 8 | EAD Equity Holders | Unimpaired |

---

[2] 11 U.S.C. § 1122(a).

J.        Valid business, legal, and factual reasons exist for the separate classification of each of these Classes of Claims and Interests. There is no unfair discrimination or gerrymandering between or among the holders of Claims and Interests.

K.        All Claims and Interests within each Class under the Plan are substantially similar and are afforded equal and reasonable treatment, or the claimant has agreed to the classification. Accordingly, the classification of Claims and Interests under the Plan satisfies the requirements of Bankruptcy Code § 1122.

L.        <u>The Plan Complies with Bankruptcy Code § 1123</u>.  In accordance with Bankruptcy Code § 1123(a), the Plan: (1) designates Classes of Claims and Interests, other than Claims of a kind specified in Bankruptcy Code §§ 507(a)(2), 507(a)(3), or 507(a)(8); (2) specifies Classes of Claims and Interests that are not impaired under the Plan; (3) specifies the treatment of Classes of Claims and Interests that are impaired under the Plan; (4) provides the same treatment for each Claim or Interest of a particular Class, unless the holder of a particular Claim or Interest agrees to less favorable treatment of its respective Claim or Interest; (5) provides for adequate means for the Plan's implementation; (6) (a) provides for the retention of the Equity Interests held by the Debtor's equity holders, (b) all officers, managers, employees, and directors of the Debtor shall be retained to manage the Reorganized Debtor, and (i) to the extent necessary to reflect the transactions contemplated by the Plan and (ii) in conjunction with this Confirmation Order, to the extent necessary to comply with Bankruptcy Code § 1123(a)(6); and (7) is consistent with the interests of holders of Claims and Interests and with public policy with respect to the management of the Reorganized Debtor on and after the Effective Date. The relief provided in the Plan is fair and necessary for the orderly implementation of the Plan and the administration of the Debtor's estate.  Therefore, the Plan satisfies the requirements of Bankruptcy Code § 1123(a) and (b).

M.          Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).  In accordance with Bankruptcy Code § 1129(a)(2), the Debtor has complied with the applicable provisions of the Bankruptcy Code.  The Debtor is a proper debtor under Bankruptcy Code § 1182. The Plan is in compliance with the sections applicable under Subchapter V as to § 1189 (who may file a plan), § 1122 (classification of claims or interests), §§ 1123 and 1190 (contents of plan), § 1126 (acceptance of plan), § 1193 (modification of plan), and §§ 1128, 1129, and 1191 (confirmation of plan) and the Bankruptcy Rules (including Bankruptcy Rules 3013, 3016, 3017, 3018, and 3019). The Debtor complied with the Bankruptcy Code as to the transmission of the ballots and all related documents and notices, and in soliciting and tabulating votes on the Plan.

N.          Votes to accept or reject the Plan were solicited by the Debtor and its members, partners, representatives, officers, directors, employees, advisors, attorneys, and agents pursuant to Bankruptcy Code § 1125(a). Classes 3 and 7 voted to accept the Plan.  No votes were cast by Classes 5 and 6. All other classes are unimpaired and are accordingly deemed to accept the Plan. Thus, all Classes that voted have accepted the Plan.

O.          The Debtor and each of its members, officers, directors, managers, partners, employees, advisors, attorneys, and agents and its respective attorneys have solicited and tabulated votes on the Plan and have participated in the activities described in Bankruptcy Code § 1125 fairly, in good faith within the meaning of Bankruptcy Code § 1125(e), and in a manner consistent with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and all other applicable laws, rules, and regulations and are entitled to the protections afforded by Bankruptcy Code § 1125(e).

P.          The Debtor and each of its members, officers, directors, managers, partners, employees, advisors, attorneys, and agents and its attorneys have participated in good faith and in

compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or Distributions or payments made pursuant to the Plan, so long as such Distributions or payments are made consistent with and pursuant to the Plan.

Q. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).</u> In accordance with Bankruptcy Code § 1129(a)(3), the Debtor proposed the Plan in good faith and not by any means forbidden by law. The treatment of holders of Claims and Interests contemplated by the Plan was negotiated at arm's length, without collusion, and in good faith. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the formulation of the Plan and the solicitation of votes to accept or reject the Plan.

R. <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).</u> In accordance with Bankruptcy Code § 1129(a)(4), all payments and Distributions made or to be made by the Debtor or the Reorganized Debtor (as applicable) for services or for costs and expenses in, or in connection with, this Bankruptcy Case, or in connection with the Plan and incident to this Bankruptcy Case, have been approved by, or are subject to the approval of, the Bankruptcy Court as reasonable, unless otherwise ordered by the Bankruptcy Court.

S. <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).</u> The Debtor has complied with Bankruptcy Code § 1129(a)(5). The Persons that must be identified pursuant to Bankruptcy Code § 1129(a)(5) have been identified in the Plan. The appointment of the officers and directors of the Reorganized Debtor as disclosed in the Plan is consistent with the interests of

Claim and Equity Interest holders and with public policy, as applicable, thereby satisfying Bankruptcy Code § 1129(a)(5).

T. No Rate Changes (11 U.S.C. § 1129(a)(6)). In accordance with Bankruptcy Code § 1129(a)(6), the Debtor is not subject to any governmental regulation of any rates.

U. Best Interests of Creditors (11 U.S.C. § 1129(a)(7)). Bankruptcy Code § 1129(a)(7), the "best interests of creditors test," requires that, with respect to each impaired class entitled to vote, each holder of a claim or interest in the class:

i. has accepted the plan; or

ii. will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under chapter 7 of this title on such date.

V. The evidence, argument, and liquidation analysis presented by the Debtor in connection with the Confirmation Hearing, and other evidence admitted at the Confirmation Hearing, establish that the requirements of Bankruptcy Code § 1129(a)(7) are satisfied by the Plan. In accordance with Bankruptcy Code § 1129(a)(7), with respect to Classes of impaired Claims or impaired Interests entitled to vote, each holder of a Claim or Interest will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtor's estate were liquidated under chapter 7 of the Bankruptcy Code on such date.

W. Treatment of Administrative, Priority, and Tax Claims (11 § U.S.C. § 1129(a)(9)). The Plan's treatment of Claims of a kind specified in Bankruptcy Code §§ 507(a)(1) through (8) satisfies the requirements set forth in Bankruptcy Code § 1129(a)(9).

X. Acceptance by Impaired Class (11 U.S.C. § 1129(a)(8), 1129(a)(10), and 1191(a). Classes 3 and 7 voted to accept the Plan. No votes were cast by Classes 5 and 6. All other classes

are unimpaired and are accordingly deemed to accept the Plan. Thus, all Classes that voted have accepted the Plan., and the Plan satisfies §§ 1129(a)(8) and (a)(10) and is being confirmed pursuant to § 1191(a).

Y. Feasibility (11 U.S.C. § 1129(a)(11)). The evidence presented to the Court at confirmation included the Debtor's Final Projections. The evidence presented at the Confirmation Hearing with respect to feasibility: (1) is persuasive, credible, and accurate as of the dates such analysis was prepared, presented, or proffered; (2) utilizes reasonable and appropriate methodologies and assumptions; (3) establishes that confirmation of the Plan is not likely to be followed by the need for further financial reorganization or liquidation of the Reorganized Debtor; and (4) establishes that the Debtor will have sufficient funds available from operations and deposit accounts to meet the obligations under the Plan. Thus, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(11).

Z. Payment of Fees (11 U.S.C. § 1129(a)(12)). The Debtor has paid or will pay on the Effective Date all chapter 11 statutory and operating fees, including Subchapter V Trustee fees required to be paid under Subchapter V during this Case and will file all required fee statements.

AA. Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). In accordance with Bankruptcy Code § 1129(a)(13), the Plan does not alter retiree benefits to the extent any such benefits currently exist.

BB. Section 1129(a)(14). The Debtor is not obligated to pay any domestic support obligations, and, as such, this section of the Bankruptcy Code does not apply.

CC. Section 1129(a)(15). This case is under Subchapter V, and, as such, this section of the Bankruptcy Code does not apply.

DD. Section 1129(a)(16). Section 1129(a)(16) of the Bankruptcy Code is inapplicable.

EE.  Section 1191(a).  The Court finds that the Plan satisfies all of the applicable requirements of section 1129(a) and therefore satisfies and is being confirmed under § 1191(a).

FF.  Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes of Claims and Interests.

GG.  Principal Purpose (11 U.S.C. § 1129(d)).  No Person, including but not limited to the Securities and Exchange Commission or any other governmental authority, has requested that the Bankruptcy Court deny confirmation on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of section 5 of the 1933 Act.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the 1933 Act.

### Appeal of this Confirmation Order

HH.  The reversal or modification on appeal of this Confirmation Order does not affect the validity of the authorizations and transfers contemplated under the Plan with respect to an entity that acquired property or an interest in property in good faith, whether such entity knew of the pendency of the appeal, unless such authorizations and transfers contemplated under the Plan are stayed pending appeal.

### Conclusions/Exemptions

II.  Exemptions from Recording, Stamp, and Similar Taxes (11 U.S.C. § 1146(a)).  The Bankruptcy Court finds and concludes that, in accordance with Bankruptcy Code § 1146(a), the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment.

**Authorizations and Transfers Pursuant to the Plan**

JJ.     Settlement and Releases.  Pursuant to Bankruptcy Code §§ 363 and 1123 and Bankruptcy Rule 9019, and in consideration for the Distributions and payments and other benefits provided pursuant to the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of Claims, Causes of Action, and controversies that a holder of any Claim may have with respect to any Allowed Claim or any Distribution or payments to be made on account of such Allowed Claim.  The entry of this Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement of all such Claims, Causes of Action, and controversies, and the Bankruptcy Court's finds that such compromise or settlement (i) is in the best interests of the Debtor, its estate, and the holders of such Claims, (ii) is fair, equitable, and reasonable, (iii) maximizes the value of the Debtor's estate, and (iv) is essential to the successful implementation of the Plan.

KK.     Legal Binding Effect.  The provisions of the Plan will bind all holders of Claims and Interests and their respective successors and assigns, whether they accept the Plan or not.

LL.     Transfer and Vesting of the Assets in the Reorganized Debtor.  The transferring and vesting of any Assets in the Reorganized Debtor free and clear of all Liens and Claims and all rights, title, and interest, except as expressly set forth in the Plan and this Confirmation Order, is reasonable, necessary, and in accordance with applicable state law and applicable provisions of the Bankruptcy Code, including Bankruptcy Code §§ 363(b) and 1123(b)(3).

MM.     Assumption and Assignment of Executory Contracts and Unexpired Leases.  Entry of the Confirmation Order shall constitute the approval, pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code, of the (i) assumption of the executory contracts and unexpired leases to be assumed pursuant to the Plan, and (ii) rejection of the executory contracts and unexpired leases to be rejected pursuant to the Plan.

NN.     <u>Rejection of Executory Contracts and Unexpired Leases.</u>  The rejection of executory contracts and unexpired leases pursuant to the Plan and this Confirmation Order is (i) a sound and reasonable exercise of the Debtor's business judgment, (ii) in the best interests of the Debtor, its estate, and holders of Claims and Interests, and (iii) necessary for the implementation of the Plan.

OO.     <u>Compliance with Bankruptcy Rule 3016.</u>  In accordance with Bankruptcy Rule 3016(a), the Plan is dated and the Debtor is appropriately identified.  Under Subchapter V, no disclosure statement was required to be filed under Bankruptcy Rule 3016(b).

**The Reorganized Debtor is Not a Successor to the Debtor**

PP.     Save and except for purposes of compliance with Bankruptcy Code § 1145, the Reorganized Debtor and its affiliates, successors, or assigns are not, as a result of actions taken in connection with the Plan, successors to the Debtor or a continuation or substantial continuation of the Debtor or any enterprise of the Debtor. The Reorganized Debtor shall be deemed to be a successor to the Debtor only for purposes of compliance with Bankruptcy Code § 1145 and for no other reason under any state or federal law.

**Miscellaneous Provisions**

QQ.     <u>Best Interests of Persons.</u>  Confirmation of the Plan is in the best interests of the Debtor, its estate, holders of Claims and Interests, and all other parties in interest.

RR.     <u>Findings of Fact and Conclusions of Law on the Record.</u>  All findings of fact and conclusions of law announced by this Bankruptcy Court on the record in connection with confirmation of the Plan or otherwise at the Confirmation Hearing are incorporated herein by reference.  To the extent that any of the findings of fact or conclusions of law constitutes an order of this Court, they are adopted as such.

**ORDER**

Based upon the foregoing findings of fact and conclusions of law, it is hereby **ORDERED** that:

1. <u>Confirmation of Plan</u>. The Plan is **APPROVED** and **CONFIRMED** under Bankruptcy Code § 1191(a). Except as otherwise set forth in this Confirmation Order, the Plan is valid and enforceable pursuant to its terms, and the terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2. <u>Objections Overruled</u>. All objections that have not been withdrawn, waived, or settled are **OVERRULED** on the merits.

3. <u>Authority</u>.

   a. The Debtor and the Reorganized Debtor is each authorized and empowered to take such actions and do all things as may be necessary or required to implement and effectuate the Plan and this Confirmation Order.

   b. The Debtor and the Reorganized Debtor and their directors, officers, partners, members, managers, trustees, agents, representatives, and attorneys, are authorized, empowered, and ordered to carry out all of the provisions of the Plan, to issue, execute, deliver, file and record, as appropriate, any instrument, or perform any act necessary to implement, effectuate, or consummate the Plan and this Confirmation Order, and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents (collectively, "<u>Documents</u>"), and to perform such other acts and execute and deliver such other Documents as are required by, consistent with and necessary or appropriate to implement, effectuate, or consummate the Plan and this Confirmation Order and the transfers contemplated thereby and hereby, all without the requirement of further application to, or order of, the Bankruptcy Court or further action by the Debtor's directors, stockholders, managers, members, or other beneficiaries, and with the like effect as if such actions had been taken by unanimous action of the directors, stockholders, managers, members, or other beneficiaries of such entities.

   c. The Debtor, the Reorganized Debtor, and their directors, officers, partners, members, managers, trustees, agents, representatives, and attorneys are further authorized, empowered, and ordered to enter into and, if applicable, cause to be filed with the Secretary of State or other applicable officials of

any applicable governmental authority any and all amended or restated certificates or articles of incorporation, organization, or formation or amendments to corporate agreements, operating agreements, or regulations and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable Governmental Authorities with respect to compliance with Bankruptcy Code § 1123(a)(6).

d.  This Confirmation Order shall constitute all approvals and consents, if any, required by applicable state law, and all other applicable business organization, corporation, trust, and other laws of the applicable governmental authorities with respect to the implementation and consummation of the Plan and all actions authorized by this Confirmation Order.

e.  Any officer of the Debtor and the Reorganized Debtor is authorized to execute and perform, for and on behalf of the Debtor, any and all Documents and other instruments referred to in the foregoing clauses (b) and (c) and to certify or attest to any of the foregoing actions taken by the Debtor and Reorganized Debtor, respectively.  The execution of any such Document or instrument or the taking of any such action by any officer of the Debtor or the Reorganized Debtor shall be, and hereby is, deemed conclusive evidence of the authority of such action.

f.  As of the Effective Date, the Reorganized Debtor is hereby irrevocably appointed as the Debtor's attorney-in-fact (which appointment as attorney-in-fact shall be coupled with an interest), with full authority in the place and stead of the Debtor and in the name of the Debtor to take any action and to execute any instrument that the Reorganized Debtor, in the Reorganized Debtor's discretion, may deem to be necessary or advisable to convey, transfer, vest, perfect, and confirm title of the Assets, including without limitation to issue, execute, deliver, file, and record such contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents, and to file any claims, to take any action, and to institute any proceedings that the Reorganized Debtor may deem necessary or desirable in furtherance thereof.

g.  All amendments to the certificates of incorporation or formation, the articles of incorporation or organization, the operating agreements, or bylaws of the Debtor and all other corporate action on behalf of the Debtor as may be necessary to put into effect or carry out the terms and intent of the Plan, including, without limitation, any mergers, consolidations, or dissolutions of the Debtor, may be affected, exercised, and taken without further action by the Debtor's directors, officers, shareholders, partners, managers, and members with like effect as if effected, exercised, and taken by unanimous action of the directors, officers, managers, or members of the Debtor.  The

Reorganized Debtor, as authorized signatory of the Debtor, is authorized to execute any document, certificate or agreement necessary to effectuate any and all transactions contemplated under the Plan on behalf of the Debtor (including, without limitation, any mergers, consolidations or dissolutions of the Debtor), and file with the Secretary of State of any applicable state any articles or certifications of merger or dissolution or such other documents as may be necessary in order to effect such actions, which documents, certificates and agreements shall be binding on the Debtor, all holders of Claims, and all holders of Interests and, upon execution by the Reorganized Debtor as authorized herein, shall have the same force and effect as if approved by all requisite partners, members, managers or equity Interest holders of the Debtor.

4. Free and Clear. Except as otherwise provided in the Plan or this Confirmation Order, the Debtor, as the Reorganized Debtor, shall continue to exist on and after the Effective Date, each as a separate Person with all of the powers available to such legal entities under applicable law, without prejudice to any right to alter or terminate such existence (whether by merger or otherwise) in accordance with applicable law and the Plan. Except as otherwise provided in the Plan, the property of the Debtor's estate that is not specifically disposed of pursuant to the Plan, if any, shall vest in the Reorganized Debtor on the Effective Date. As of the Effective Date, all property of the Reorganized Debtor, if any, shall be free and clear of all Claims, encumbrances, charges, and Liens except as specifically provided in the Plan or the Confirmation Order.

5. Valid Transfer. As of the Effective Date, all Assets shall be transferred to, and vested in, the Reorganized Debtor free and clear of all Liens and Claims and all rights, title and interests, except as expressly set forth in this Plan or the Confirmation Order.

6. Good Faith Solicitation (11 U.S.C. § 1125(e)). Based on the record, the Debtor and each of its directors, officers, employees, managers, members, partners, agents, professionals, and attorneys have acted in "good faith" within the meaning of Bankruptcy Code § 1125(e) and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law in connection with all of their respective activities relating to

(1) the solicitation of acceptances or rejections of the Plan, and (2) their participation in the other applicable activities described in Bankruptcy Code § 1125. Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws, and regulations. In addition, all procedures used to distribute the Solicitation Package to holders of Claims and Interests were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all other applicable rules, laws, and regulations. Therefore, the Debtor and each of its directors, officers, employees, managers, members, partners, agents, professionals, and attorneys are entitled to the full protections afforded by Bankruptcy Code § 1125(e).

7. <u>Settlements</u>. Each settlement embodied in the Plan between the Debtor and holders of Claims and Interests is **APPROVED** in all respects.

8. <u>Plan Classification Controlling</u>. The terms of the Plan shall govern the classification of Claims and Interests for purposes of the Distributions and payments to be made thereunder. The classifications set forth on the ballots tendered to or returned by the holders of Claims in connection with voting on the Plan: (a) were set forth on the ballots solely for purposes of voting to accept or to reject the Plan; and (b) shall not be binding on the Debtor except for voting purposes.

9. <u>Preservation of Causes of Action</u>. The provisions of the Plan are hereby approved in their entirety. The Debtor and the Reorganized Debtor, as applicable, expressly reserve all rights to prosecute any and all of its Causes of Action against any Person, except as otherwise expressly provided in the Plan. Unless any Causes of Action against a Person are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court

order, the Debtor and the Reorganized Debtor, as applicable, expressly reserve all Causes of Action for later adjudication.

10. <u>Sources of Consideration for Plan Distributions.</u> The funds to be used for the payment of Claims or other Distributions to be made under the Plan will come from the Reorganized Debtor's operations.

11. <u>Assumption and Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).</u> Entry of this Confirmation Order shall constitute the approval, pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code, of the (i) assumption of the executory contracts and unexpired leases to be assumed pursuant to the Plan, and (ii) rejection of the executory contracts and unexpired leases to be rejected pursuant to the Plan.

12. Any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract or allow the counterparty to such Assumed Contract to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Assumed Contract constitute unenforceable anti-assignment provisions that are void and of no force or effect. On the Effective Date, (a) the Assumed Contracts shall remain in full force and effect in accordance with their respective terms, and (b) no default shall exist under the Assumed Contracts, nor shall there exist any event or condition which, with the passage of time or giving of notice or both, would constitute such a default.

13. Pursuant to §§ 105(a), 363, and 365 of the Bankruptcy Code, all parties to the Assumed Contracts are forever barred and enjoined from raising or asserting against the Reorganized Debtor or any other of the Assets any assignment fee, default, breach, or claim or pecuniary loss, or condition to assignment, arising under or related to such Assets prior to the Effective Date.

14.     Except to the extent (a) the Debtor previously assumed or rejected an executory contract or unexpired lease, or (b) prior to the Effective Date, the Bankruptcy Court has entered an Order authorizing the assumption, and (if applicable) assignment, of an executory contract or unexpired lease, all of the Debtor's executory contracts and unexpired leases shall be deemed rejected on the Effective Date pursuant to Bankruptcy Code §§ 365 and 1123.

15.     Rejection Claims. All Claims, if any, arising out of the rejection of executory contracts and unexpired leases by the Debtor shall be classified as General Unsecured Claims and are entitled to receive Distributions under the Plan. Other than payments under the Plan, the Reorganized Debtor shall not have any liability or responsibility for any liability of the Debtor arising under or related to any Claim arising out of the rejection of executory contracts and unexpired leases.

16.     Legal Binding Effect.  The provisions of the Plan shall bind all holders of Claims and Interests and their respective successors and assigns, whether they accepted the Plan or not.

17.     Discharges and Injunctions. The discharge and injunctions, moratoriums, and limitations of liability set forth in the Plan, including in Article XIII of the Plan, are approved and authorized.  Because the Debtor's Plan is being confirmed pursuant to § 1191(a), the discharge provided by the Plan and § 1192 shall become effective immediately upon the Effective Date.

18.     **FROM AND AFTER THE EFFECTIVE DATE, ALL HOLDERS OF CLAIMS SHALL BE AND ARE HEREBY PERMANENTLY RESTRAINED AND ENJOINED FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER, ANY ACTION OR OTHER PROCEEDING OF ANY KIND WITH RESPECT TO ANY SUCH CLAIM AGAINST THE REORGANIZED DEBTOR OR THE ASSETS; (B) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING ON ACCOUNT OF ANY CLAIM BY**

ANY MANNER OR MEANS, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE REORGANIZED EAD DEBTOR OR THE ASSETS EXCEPT PURSUANT TO AND IN ACCORDANCE WITH THIS PLAN; (C) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST EITHER THE ASSETS OR THE REORGANIZED EAD DEBTOR; (D) ASSERTING ANY CONTROL OVER, INTEREST, RIGHTS OR TITLE IN OR TO ANY OF THE ASSETS EXCEPT AS PROVIDED IN THIS PLAN; (E) ASSERTING ANY SETOFF, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE THE REORGANIZED EAD DEBTOR AS ASSIGNEES, EXCEPT UPON LEAVE OF THE BANKRUPTCY COURT OR EXCEPT AS AUTHORIZED BY SECTION 553 OF THE BANKRUPTCY CODE; AND (F) PERFORMING ANY ACT, IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THE PLAN; PROVIDED, HOWEVER, THAT THIS INJUNCTION SHALL NOT BAR ANY CREDITOR FROM ASSERTING ANY RIGHT GRANTED PURSUANT TO THIS PLAN; PROVIDED, FURTHER, HOWEVER, THAT EACH HOLDER OF A CONTESTED CLAIM SHALL BE ENTITLED TO ENFORCE ITS RIGHTS UNDER THE PLAN, INCLUDING SEEKING ALLOWANCE OF SUCH CONTESTED CLAIM PURSUANT TO THE PLAN.  NOTHING IN THE PLAN SHALL AFFECT THE SETOFF RIGHTS HELD BY THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS AND THE TEXAS WORKFORCE COMMISSION, IF ANY..**

19. <u>Insurance</u>.  Notwithstanding anything to the contrary in this Confirmation Order or the Plan, neither the releases set forth in the Plan nor confirmation and consummation of the Plan shall have any effect on insurance policies of the Debtor or its current or former directors and

officers (including, but not limited to, director and officer liability policies to the extent that the Debtor or its current or former directors and officers have any rights under such policies) in which the Debtor or its current or former directors and officers are or were an insured party or any claim asserted thereunder. Each insurance company is prohibited from denying, refusing, altering, or delaying coverage for the Debtor (or its current or former directors and officers) on any basis regarding or related to the Debtor's Bankruptcy Case, the Plan, or any provision within the Plan.

20. <u>Exemption from Certain Taxes</u>. In accordance with Bankruptcy Code § 1146(a), none of the issuance, transfer or exchange of any securities under the Plan, the release of any mortgage, deed of trust or other Lien, the making, assignment, filing or recording of any lease or sublease, the transfer of title to or ownership of any of the Debtor's interests in any property, or the making or delivery of any deed, bill of sale or other instrument of transfer under, in furtherance of, or in connection with the Plan shall be subject to any document recording tax, stamp tax, conveyance fee, sales or use tax, bulk sale tax, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee or other similar tax or governmental assessment in the United States. Federal or state governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

21. <u>Conditions to Effective Date.</u> The Plan shall not become effective unless and until the conditions set forth in the Plan have been satisfied.

22. <u>Closing of the Bankruptcy Case</u>. The Reorganized Debtor, not the Subchapter V Trustee, shall disburse payments as provided by the Plan. Upon (i) the adjudication by the Bankruptcy Court of all applications by professionals for final allowances of compensation for

services and reimbursement of expenses and the issuance of a Final Order for each application and the payment of all amounts payable thereunder and (ii) the completion of all other matters in the Bankruptcy Case, the Reorganized Debtor shall seek authority from the Bankruptcy Court to close the Bankruptcy Case in accordance with the Bankruptcy Code and the Bankruptcy Rules.

### Miscellaneous Provisions

23. <u>Bar Date for Administrative Expenses</u>.  Except as otherwise provided herein, the holder of any Administrative Expense, but not including a Professional Compensation and Reimbursement Claim or a post-petition liability incurred in the ordinary course of business by the Debtor, must file with the Bankruptcy Court and serve on the Reorganized Debtor and its counsel an application seeking the allowance of such Administrative Expense within thirty (30) days after the Effective Date.  Failure to timely and properly file an application as required herein shall result in the Administrative Expense being forever barred and discharged.

24. <u>Bar Date for Professional Compensation and Reimbursement Claims</u>.  All professionals or other persons or entities requesting compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331, and 1103 of the Bankruptcy Code for services rendered before the Effective Date shall file and serve on the Reorganized Debtor an application for final allowance of compensation and reimbursement of expenses within sixty (60) days after the Effective Date. Any professional fees and reimbursements or expenses incurred by the Reorganized Debtor subsequent to the Effective Date will be paid by Reorganized Debtor and may be paid without application to the Bankruptcy Court.

25. <u>Reservation of Rights</u>.  Prior to the Effective Date, none of the filing of the Plan, any statement or provision contained therein or the taking of any action by the Debtor with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of the Debtor of

any kind, including with respect to the holders of Claims or Interests or as to any treatment or classification of any contract or lease.

26.     Notice of Substantial Consummation and Effective Date.  Not later than fourteen (14) days after the occurrence of the Effective Date, the Reorganized Debtor shall mail or cause to be mailed to all holders of Claims, Interests, and all other parties on the master service list via first class United States mail, postage prepaid, a notice that informs such Persons of (a) the entry of the Confirmation Order, (b) the occurrence of the Effective Date and substantial consummation of the Plan, and (c) such other matters as the Reorganized Debtor deem appropriate.

27.     Waiver or Estoppel.  Each Holder of a Claim or an equity Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or equity Interest should be Allowed in a certain amount, in a certain priority, Secured, or not subordinated, by virtue of an agreement made with the Debtor or its counsel, or any other Person, if such agreement was not disclosed in the Plan, or papers filed with this Court prior to the Confirmation Hearing.

28.     Non-Occurrence of Effective Date.  If the Effective Date does not occur on or prior to 120 days after the Confirmation Date, then (a) the Plan shall be null and void in all respects, (b) settlements or compromises embodied in the Plan (including the fixing or limiting to an amount certain of any Claim or Class of Claims), assumption or rejection of executory contracts or unexpired leases affected by the Plan, and any documents or agreements executed pursuant to the Plan, shall be deemed null and void, and (c) nothing contained in the Plan shall (i) constitute a waiver or release of any Claims by or against, or any Interests in, the Debtor or any other Person, (ii) prejudice in any manner the rights of the Debtor or any other Person, or (iii) constitute an admission of any sort by the Debtor or any other Person.

29. <u>References to Plan Provisions</u>. The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety.

30. <u>Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

31. <u>Applicable Non-Bankruptcy Law</u>. Pursuant to Bankruptcy Code §§ 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

32. <u>Modification of the Plan Prior to Substantial Consummation</u>. After the Confirmation Date and prior to the Effective Date of the Plan, the Debtor may, under Bankruptcy Code § 1193, (i) amend the Plan so long as such amendment shall not materially and adversely affect the treatment of any holder of a Claim, (ii) institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, or this Confirmation Order, and (iii) amend the Plan as may be necessary to carry out the purposes and effects of the

Plan so long as such amendment does not materially or adversely affect the treatment of holders of Claims or Interests under the Plan; <u>provided, however</u>, prior notice of any amendment shall be served in accordance with the Bankruptcy Rules or Order of the Bankruptcy Court.

33. <u>Conflicts between Plan and Confirmation Order.</u> If there is any conflict between the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

34. <u>Severability of Plan Provisions</u>. Each term and provision of the Plan, as it may be altered or interpreted, is valid and enforceable pursuant to its terms.

35. <u>Retention of Jurisdiction</u>. This Bankruptcy Court's retention of jurisdiction as set forth in the Plan is approved. Such retention of jurisdiction does not affect the finality of this Confirmation Order.

36. <u>Nonseverable and Mutually Dependent</u>. The provisions of this Confirmation Order are nonseverable and mutually dependent.

37. <u>Recordable Form</u>. This Confirmation Order shall be, and hereby is, declared to be in recordable form and shall be accepted by any filing or recording officer or authority of any applicable governmental authority for filing and recording purposes without further or additional orders, certifications or other supporting documents. Further, the Bankruptcy Court authorizes the Debtor or the Reorganized Debtor, as applicable, to file a memorandum of this Confirmation Order in any appropriate filing or recording office as evidence of the matters herein contained.

# # # END OF ORDER # # #